UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS #641715, *et al.*,   )
                Plaintiffs,   )
                                  )    No. 2:20-cv-194
v.                                    )
                                  )    Honorable Paul L. Maloney
KRISTOPHER TASKILA, *et al.*,   )
                Defendants.   )
                                  )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on December 30, 2021 (ECF No. 80). The R&R recommends that this Court grant Defendants' motion for summary judgment as to the claims against Defendants Taskila and Niemi, and deny the motion as to the claims against Defendant Perttu. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiffs filed objections to the R&R (ECF No. 82), and Defendants filed a response (ECF No. 84). Because Plaintiffs have failed to raise a genuine dispute of material fact regarding exhaustion as to Defendants Taskila and Niemi, but there remains a question of fact regarding exhaustion as to Defendant Perttu, the Court will overrule Plaintiffs' objections and adopt the R&R.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiffs filed four objections, and this Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiffs' objections.

Defendants' motion for summary judgment sought relief solely on the basis of exhaustion. That is, they argued that Plaintiffs failed to exhaust their administrative remedies within the MDOC's internal grievance procedure before filing the present matter, which is required under 42 U.S.C. § 1997e(a). In the R&R, Magistrate Judge Vermaat first found that Plaintiffs failed to exhaust their administrative remedies as to their claims against Defendants Taskila and Niemi, defeating these claims. However, Judge Vermaat also found that there is a genuine dispute of fact as to whether Defendant Perttu thwarted Plaintiffs' efforts in exhausting their administrative remedies as to their claims against him. If Defendant Perttu did indeed thwart Plaintiffs' efforts in filing grievances against him, then the analysis of whether Plaintiffs exhausted their administrative remedies changes, and they may be able to surpass that requirement. *See Alexander v. Calzetta*, No. 2:16-CV-13293, 2018 WL 8345148, at *8 (E.D. Mich. Mar. 4, 2019).

Plaintiffs first object to the R&R's finding that they failed to exhaust their administrative remedies as to Defendants Taskila and Niemi. They attach records from

2

Grievance AMF-20-01-0139-12d1 and Grievance AMF 20-04-660-27c, and they argue that they completed the exhaustion requirement under 42 U.S.C. § 1997e(a) via these grievances. However, these grievances could not have satisfied the exhaustion requirement for any claim in this matter because the "dates of incident" are listed as January 29, 2020 (ECF No. 82-1 at PageID.604), and April 10, 2020 (ECF No. 82-1 at PageID.606), which predate the facts giving rise to the present matter. Plaintiffs' complaint explicitly states that the facts in this matter occurred after April 15, 2020 (*see Complaint*, ECF No. 1 at PageID.4) ("These events are not related to previous litigation, and occurred AFTER April, 15, 2020"); (*see also R&R*, ECF No.80 at PageID.587) (summarizing the facts in this matter, which all occurred on or after April 16, 2020). Therefore, the grievances that Plaintiffs have provided in their objections are related to events that are outside the scope of this litigation. Plaintiffs failed to show that they exhausted their administrative remedies as to their claims against Defendants Taskila and Niemi, and their first objection is overruled.

Plaintiffs' next objection is that "The threat of duress, in conjunction with thwarting was not addressed in the report and recommendation, of which is germane to the issue of estopping Defendants [sic] non-exhaustion defense" (ECF No. 82 at PageID.598). This objection is overruled because the R&R analyzed Plaintiffs' thwarting argument as it relates to all Defendants (*see* ECF No. 80 at PageID.592, 594-95). The R&R concluded that there is a genuine issue of material fact as to whether Defendant Perttu thwarted Plaintiffs' efforts in filing grievances against him, meaning that Plaintiffs' claims against Defendant Perttu survive Defendants' motion to dismiss. Presumably then, Plaintiffs' objection relates to the R&R's failure to find that Plaintiffs were thwarted from filing grievances against Defendants

3

Taskila and Niemi. However, the R&R noted that Plaintiffs do not argue that they were thwarted from filing grievances against Defendants Taskila and Niemi; thus, there was no need for Judge Vermaat to analyze such an argument (*see id.* at PageID.592). This objection is also overruled.

> Plaintiffs' next two objections contain two sentences each:
>
> 3.1 Witness testimony in case # 2:20-cv-76 by over S prisoner witnesses can be admitted to sufficiently redress the exhaustion issue absent trial. No genuine issue exists to dispute.
>
> 4.1 Exhaustion of remedies "retaliation and refusal to process plaintiffs [sic] grievances" was a clearly stated issue in claim #3 and #4. Since this issue relates to a claim in controversy, a "Willis" hearing cannot be held.

(ECF No. 82 at PageID.599). Plaintiff then states that these objections are "self-evident," and no further explanation or argument is necessary (*Id.* at PageID.601).

These objections are not sufficient to warrant review. "[W]hen an appellant alludes to issues in a perfunctory manner, without argument or development, [courts] consider those issues abandoned and waived." *Brown*, 2017 WL 4712064, at *1 (citing *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007)). Contrary to Plaintiffs' belief, these assertions are not "self-evident," and they fail to state a specific objection to the R&R. Thus, these objections are considered waived. *See id.* at *1-2 (finding that when an objection to an R&R fails to contain "substantive critique" of the magistrate judge's analysis of the facts or law, the issue is considered "abandoned and waived").

Given that there are no errors in the magistrate judge's analysis, the Court will grant in part and deny in part Defendants' motion for summary judgment. Accordingly,

4

5

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 80) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 48) is **GRANTED** as to the claims against Defendants Taskila and Niemi, and it is **DENIED** as to the claims against Defendant Perttu.

**IT IS SO ORDERED.**

Date: February 9, 2022                              /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                                United States District Judge