UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE B. RICHARDS, #641715 and )
KENNETH DAMON PRUITT, # 708518, )
    Plaintiffs, )
           )   No. 2:20-cv-194
v. )
           )   Honorable Paul L. Maloney
THOMAS PERTTU, )
    Defendant. )
_____ )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on January 27, 2023, regarding the issue of exhaustion (ECF No. 122). The R&R recommends that this Court dismiss this matter based on Plaintiffs' failure to exhaust their administrative remedies. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiffs filed ten objections to the R&R (ECF No. 123), and Defendant filed a response (ECF No. 143). Because Defendant has shown, by a preponderance of the evidence, that the grievance process was available to Plaintiffs and that they were not thwarted from filing grievances against Defendant, Plaintiffs have failed to exhaust their administrative remedies and the Court must dismiss their case.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Though Plaintiffs originally raised numerous claims against several defendants, the only claim remaining in this case is Plaintiffs Pruitt and Richards's[1] Eighth Amendment claim against Defendant Perttu alleging sexual assault (*see* ECF Nos. 27, 28, 80, 85). The R&R summarized the facts relevant to this claim alleged in the complaint:

> Plaintiffs say that during the morning hours of April 16, 2020, RUM Perttu approached Richards's cell and told Richards that they were going to have a talk, and that Richards ought to cooperate. (ECF No. 1, PageID.4.) An hour later, Plaintiffs say that they were both escorted to a phone room. Perttu was already in the room when Plaintiffs arrived. (*Id.*) Plaintiffs allege that Perttu proceeded to beat and sexually assault them for approximately forty minutes. (*Id.*)
>
> Eight days later, on April 24, 2020, Plaintiffs say that they were escorted to a conference room. (*Id.*) Once again, RUM Perttu was in the room when Plaintiffs arrived. Once again, Plaintiffs allege that Perttu beat and sexually assaulted them. (*Id.*) Plaintiffs say that this pattern repeated on May 20, 2020 and June 1, 2020. According to Plaintiffs, Perttu approached them again on June 29, 2020 and told them to "be ready for next time." (*Id.*)

(ECF No. 122 at PageID.836).

---

[1] Robert Kissee was also originally a plaintiff in this matter; however, he settled his claims and the parties stipulated to his dismissal from this case (ECF No. 105).

After the Defendants raised the argument that Plaintiffs had failed to exhaust their administrative remedies before filing suit, Plaintiffs argued that they were thwarted from exhausting their Eighth Amendment claims against Defendant Perttu, and they supported such assertions with allegations in their complaint and witness declarations asserting the same (*see* ECF No. 122 at PageID.830). Because Plaintiffs created a genuine issue of material fact as to whether they were thwarted from exhausting their administrative remedies, pursuant to *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015), Defendant Perttu requested an evidentiary hearing on the issue of exhaustion, and Judge Vermaat granted such request.[2] At the evidentiary hearing, testimony and evidence showed (1) that the grievance process was available to Plaintiff Richards in administrative segregation and in general population; (2) that many of Plaintiffs' witnesses, who allegedly witnessed Defendant Perttu threatening Plaintiffs and destroying their grievances, were not locked in the same location as Plaintiffs during the time of Defendant's alleged acts of thwarting; and (3) Defendant did not enter Plaintiffs' housing units on some of the dates of the alleged thwarting (*see* ECF No. 122 at PageID.833).[3] Thus, Judge Vermaat recommends that the Court dismiss this case, as Defendant showed, by a preponderance of the evidence, that Plaintiffs failed to exhaust their administrative remedies.

---

[2] Defendant also requested an evidentiary hearing in related cases involving similar allegations of thwarting: *Richards v. Perttu*, No. 2:20-cv-76 (W.D. Mich.) and *Richards v. Perttu*, No. 2:20-cv-122 (W.D. Mich.). Judge Vermaat held an evidentiary hearing in No. 2:20-cv-76 on November 4, 2021, and the parties agreed to incorporate the testimony and exhibits from that hearing into the evidentiary hearing in this case (*see* ECF No. 122 at PageID.832). Judge Vermaat held the evidentiary hearing in this case on December 19, 2022, and January 17, 2023 (*Id.* at PageID.832-33). The transcripts from all those hearings are incorporated into the record in this case (ECF Nos. 136, 137, 139).

[3] A detailed summarization of the evidentiary hearings is included in the R&R on pages 8 through 36 (ECF No. 122 at PageID.836-545).

Case 2:20-cv-00194-PLM-MV ECF No. 144, PageID.1393 Filed 05/31/23 Page 4 of 12

Plaintiffs filed ten objections, and the Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiffs' objections.

**Objection #1:** Plaintiffs first object to a finding not in the R&R, but instead to the fact that the Court twice denied their motions to appoint counsel (ECF No. 123 at PageID.862). They argue that they are "mentally disabled," lack legal experience, and cannot afford to hire their own attorney (*Id.*). This objection is not an objection to the findings in the R&R, which are silent as to Plaintiffs' abilities to hire counsel. Thus, this objection is not proper under Fed. R. Civ. P. 72(b)(2) and must be overruled.

Nevertheless, Plaintiffs have prosecuted this case for three years without issue, and the transcripts show that Plaintiffs asked coherent, sophisticated questions and raised knowledgeable objections. The appointment of counsel in civil cases at public expense is only awarded in exceptional circumstances, and this case is not one. For the reasons that Judge Vermaat already denied Plaintiffs the appointment of counsel, the undersigned would do so as well (*see* ECF Nos. 27, 140).[4]

**Objection #2:** Second, Plaintiffs object because the Magistrate Judge "failed to consider" the testimony of grievance coordinators Hamel and Russell, who allegedly testified that, due to a staff shortage related to the COVID-19 pandemic, staff were unavailable to collect or investigate grievance (ECF No. 123 at PageID.864). At the outset, Plaintiffs misstate the record. During the November 2021 hearing, though Hamel did testify that "during the

---

[4] Notably, although Judge Vermaat did not consider the testimony or evidence offered at the December 12, 2022, evidentiary hearing in *Richards v. Perttu*, No. 2:20-cv-122 because Plaintiff Pruitt was not a plaintiff in that case, Chief Judge Jarbou recently issued an order adopting the R&R in that case, which is persuasive in resolving the objections to the R&R in this case. Judge Jarbou also overruled Plaintiff Richards's objection regarding the lack of appointment of counsel in No. 2:20-cv-122 (ECF No. 197 at PageID.197-98). The Court finds Judge Jarbou's reasoning compelling.

4

COVID pandemic," the prison "didn't have the staff available to collect [grievances]," he immediately testified after that assertion that "there wasn't a staff shortage to collect grievances" (ECF No. 139 at PageID.1194). Like Judge Jarbou opined when considering Plaintiff Richards's similar objection in the related case, Hamel's testimony on this point was "at best, . . . equivocal." *Richards v. Perttu*, No. 2:20-cv-122 (W.D. Mich.) (ECF No. 197 at PageID.1228).

Moreover, the context of this testimony is important. When Hamel was testifying about this subject, he was referencing prison policy regarding collecting *healthcare kites*, not grievances, during COVID-19 (*see* ECF No. 143 at PageID.1381). Plaintiffs' assertion that prison staff were not collecting grievances during the COVID-19 pandemic is belied by the record, which shows that Plaintiff Richards filed 13 grievances between March and April 2020 alone (ECF No. 74 at PageID.539-42). Further, with respect to the time period relevant to the claim at issue, the R&R noted that Plaintiff Richards was moved to general population on May 11, 2020 (through January 4, 2021), meaning that he could have simply placed his grievances directly into the housing unit's mailbox, and he needed not rely on a staff member to collect his grievances (ECF No. 122 at PageID.849-50).

Finally, Plaintiffs' thwarting argument is not that the grievance process was unavailable due to COVID-19; it was that Defendant Perttu was threatening Plaintiffs and he destroyed their grievances. In other words, even if Plaintiffs' facility was not collecting grievances during peak COVID-19 times, that lack of action is irrelevant to Plaintiffs' arguments. For these reasons, the Court will overrule Plaintiffs' second objection.

**Objection #3:** Third, Plaintiffs argue that the Court should not have held an evidentiary hearing pursuant to *Willey*, 789 F.3d at 673 because "the issue of . . . thwarting Plaintiff[s] from using or filing grievances or reporting sexual assault is germane to claims 3 and 4 . . . of the complaint," and "an evidentiary hearing should not be held if the result of the hearing would essentially resolve a claim in the complaint itself" (ECF No. 123 at PageID.866). First, Plaintiff Richards advanced this argument during the evidentiary hearing, and the R&R explains exactly why an evidentiary hearing, pursuant to *Willey*, was appropriate in this case:

> [Plaintiff Richards's] argument appears to be that because Plaintiffs alleged that Perttu thwarted their attempts to exhaust in their complaint, the issue is triable to a jury as a matter of right. Richards is mistaken. As explained by the Court in *Willey*, exhaustion under the PLRA is a matter of judicial administration that may be resolved by an evidentiary hearing before a judge. *Lee*, 789 F.3d at 678. The administrative nature of the exhaustion requirement does not change simply because Plaintiffs include allegations of thwarting in their complaint.

(ECF No. 122 at PageID.831 n.1). The Court adopts this reasoning into this order.

Further, the *Willey* hearing did not "inadvertently resolve" any additional claims in the complaint. Plaintiffs' other claims, including claims 3 and 4 in their complaint, have already been dismissed by this Court (*see* ECF Nos. 27, 28, 80, 85). Therefore, this objection is also overruled.

**Objection #4:** Fourth, Plaintiffs argue that their "numerous verbal reports of sexual abuse" were sufficient to exhaust their administrative remedies, under MDOC Policy Directive 03.03.140 ¶ Y. This section provides,

> Prisoners may report allegations of conduct prohibited by this policy, including threats of such conduct and retaliation for reporting such conduct, verbally or

6

in writing to any department employee through the MDOC sexual abuse hotline, through the PREA grievance process as outlined in this policy, through the legislative corrections ombudsman, or through a third party. If reported verbally to an employee, the employee shall document it in writing as soon as possible and report it to the appropriate supervisory staff. When receiving any report of sexual abuse or sexual harassment, regardless of the source, staff shall promptly document and forward the complaint to the appropriate supervisory staff for investigation.

(MDOC Policy Directive 03.03.140 ¶ Y). But, as Judge Jarbou already observed when overruling Plaintiff Richards's objections in the related case, this section concerns *reports*, not *grievances*. *Richards*, No. 2:20-cv-122 (ECF No. 197 at PageID.1233). As Defendant notes, because Plaintiffs did not testify that they made verbal PREA complaints, "this objection is simply not relevant to Plaintiffs' thwarting claims that Perttu sought out and destroyed their grievances" (ECF No. 143 at PageID.1383). This objection is therefore overruled.

Objection #5: Fifth, Plaintiffs take issue with how Judge Vermaat characterized Plaintiffs' method of questioning witnesses. Specifically, the R&R stated,

> [T]he testimony of Richards's witnesses bore indicia of unreliability. During Richards's direct examination of several of his witnesses on November 4, 2021, Richards's relied on yes or no questions in which he provided the date and details of Perttu's alleged destruction of grievances, and the witnesses simply agreed. For example, Richards asked Jackson whether, in April of 2020, Jackson "received any mail brought to [his] cell that belonged to prisoner Richards." This form of questioning did not provide Plaintiffs' witnesses the opportunity to develop their testimony independently or demonstrate personal knowledge of the incidents. And when Richards began asking open-ended questions, the witnesses were unable to provide specific or even approximate dates of thwarting. Indeed, Cornelius admitted during the November 4, 2021 hearing that he could not recall the dates on which he observed Defendant Perttu destroying Richards's grievances, and that the dates in an earlier declaration were supplied by Richards. Richards then admitted that he assisted in authoring the majority of his prisoner-witnesses' declarations.

7

(ECF No. 122 at PageID.852-53). In other words, Judge Vermaat gave less weight to Plaintiffs' witnesses' testimony given the leading nature of their questions. Plaintiffs' fifth objection argues that their questioning was not improper, and presumably, more weight should have been given to their witnesses' testimony.

Plaintiffs merely argue that their "questioning was consistent with document verification," but they fail to address the fact that Plaintiff Richards admitted that he prepared all the witnesses' affidavits or declarations (ECF No. 139 at PageID.1311). The fact that Plaintiff Richards wrote the affidavits and declarations that his witnesses swore to and subsequently testified about undermines the credibility of their testimony. The Court agrees with Judge Vermaat's analysis and weight given to Plaintiffs' witnesses' testimony. The Court will also overrule this objection.[5]

**Objection #6:** Sixth, Plaintiffs argue that Judge Vermaat should not have admitted Defendant's Exhibit H—data from Defendant's wand, which demonstrated when he scanned the wand at each cell during his rounds and which housing units he conducted rounds in on a given date—because Defendant was not "qualified to authenticate" this data (ECF No. 123 at PageID.872). This data was important because it showed that on certain dates where Defendant allegedly thwarted Plaintiffs' grievance efforts, Defendant did not enter Plaintiffs' housing units, or that he did not even work that day (ECF No. 122 at PageID.852).

This objection is overruled for two reasons. First, Plaintiffs contend that the admission of Exhibit H was "to Plaintiffs['] benefit," and that it was "odd that Defense chose to admit[]

---

[5] Judge Jarbou overruled this objection as well. *Richards*, 2:20-cv-194 (ECF No. 197 at PageID.1230-31).

this 'tracking record' into evidence, as it shows a greater benefit to Plaintiffs['] case than it does to the Defense" (ECF No. 123 at PageID.872). Nevertheless, Plaintiffs still object to the admission of Exhibit H. This objection is contradictory—if Exhibit H was more beneficial to Plaintiffs than Defendant, then Plaintiffs should not take issue with the exhibit's admission.

Second, Plaintiff Richards raised this exact objection during the evidentiary hearing (ECF No. 137 at PageID.1058). Judge Vermaat overruled the objection because Plaintiff Richards's arguments did not go to the admissibility of the evidence, but rather, to the credibility of the evidence (*Id.* at PageID.1059). As such, Plaintiff Richards was free to cross examine Defendant about Exhibit H to undermine the credibility of Exhibit H. For the same reasons Judge Vermaat overruled Plaintiff Richards's objection to Exhibit H during the evidentiary hearing, the undersigned does so here as well.

**Objection #7:** Seventh, Plaintiffs argue that Defendant's Exhibit F—which showed the lock histories of Plaintiffs and their prisoner witnesses—should not have been admitted because it is "not a trustworthy source of information and fails to identify when a prisoner is temporarily placed in a shower cage, yard cage, or visiting room, or other area," and it does not "reflect temporary cell moves" (ECF No. 123 at PageID.874). The basis of Plaintiffs' objection to the admission of Exhibit F is irrelevant to the determination of whether Defendant thwarted Plaintiffs' efforts in filing grievances. Plaintiffs have made no claims that Defendant threatened them or destroyed their grievances while they were in the shower, yard, visiting room, etc. Rather, they assert that Defendant threatened them and destroyed their grievances while they were in their housing units (ECF No. 1 at PageID.10-11; ECF No. 122 at PageID.843-46). Moreover, Plaintiff Richards raised this exact objection during

9

the evidentiary hearing and Judge Vermaat overruled it (ECF No. 137 at PageID.1049-50). The Court finds Judge Vermaat's reasoning in overruling Plaintiff Richards's objection persuasive and adopts such reasoning. This objection is also overruled.[6]

**Objection #8:** Eighth, Plaintiffs argue that the evidentiary hearing should not have been conducted by video, and should have instead been conducted in person, because the video and audio malfunctioned on numerous occasions (ECF No. 123 at PageID.876). On the contrary, the transcripts of all three days of the evidentiary hearing show that the hearing was conducted without issue (ECF Nos. 136, 137, 139). Plaintiffs meaningfully participated in the hearing despite their remote location, and there is no basis to their assertion that "the lack of audibility impaired [the] trial record" (ECF No. 123 at PageID.877). Therefore, this objection is overruled.[7]

**Objection #9:** Ninth, Plaintiffs assert that the MDOC "prevented" three prisoner witnesses—Jeremy Lopez, Larry Taylor, and Michael Cornelius—from testifying at the December 2022 and January 2023 evidentiary hearing dates (ECF No. 123 at PageID.878). Although it is true that Jeremy Lopez did not testify at the evidentiary hearing at all, it was Lopez himself who chose not to testify (*see* ECF No. 136 at PageID.979-81). The record does not support Plaintiffs' contention that the MDOC "prevented" Lopez from testifying. With respect to the testimony from Larry Taylor and Michael Cornelius, they both testified at the November 2021 hearing date (ECF No. 122 at PageID.843-45). Although neither testified at the December 2022 or January 2023 hearing dates, Judge Vermaat allowed

---

[6] Judge Jarbou overruled this objection as well. *Richards*, 2:20-cv-194 (ECF No. 197 at PageID.1231-32).

[7] The manner in which the evidentiary hearing was conducted—via Zoom or in-person—was not discussed in the R&R. Thus, this objection is not a proper objection under Rule 72(b)(2) anyway.

Plaintiffs to proffer the testimony that Cornelius would have given, and the parties stipulated as to what Taylor would have testified (*Id.*). Thus, Judge Vermaat considered both Cornelius and Taylor's presumed testimony in making his findings and recommendations, and there was no prejudice to Plaintiffs even though neither Cornelius nor Taylor testified at the December 2022 and January 2023 hearing dates. Therefore, this objection is also overruled.

**Objection #10:** Lastly, Plaintiffs argue that Judge Vermaat failed to consider "testimony proving 'habit, routine, and practice'" or other "character proofs," pursuant to Federal Rules of Evidence 405 and 406, showing that Defendant had a habit of destroying grievances (ECF No. 123 at PageID.880). However, Plaintiffs did not offer any "character evidence" under Rules 405 and 406. Therefore, the Court will also overrule this objection.

Given that there are no errors in the Magistrate Judge's recommendations and conclusions that Plaintiffs failed to exhaust their administrative remedies before filing this lawsuit, the Court will dismiss Plaintiffs' sexual assault claim against Defendant Perttu without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the [Prison Litigation Reform Act] is dismissal without prejudice."). Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 122) as the Opinion of the Court. Plaintiffs' Eighth Amendment sexual assault claim against Defendant Perttu, the only remaining claim in this matter, is dismissed without prejudice. This matter is therefore **TERMINATED**.

Judgment to follow.

11

12

**IT IS SO ORDERED**.

Date:  May 31, 2023                          /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge